## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PRAFULLABEN JINTENDRAKUMAR
PATEL, *et al.*,

      *Plaintiffs*,

    v.

ALEJANDRO N. MAYORKAS, *et al.*,

      *Defendants*.

Civil Action No. 24-1967 (LLA)

### <u>MEMORANDUM OPINION</u>

Prafullaben Jintendrakumar Patel, Jintendrakumar Nathabhai Patel, and Mahi Jintendrakumar Patel brought this action against three government officials—U.S. Secretary of Homeland Security Alejandro N. Mayorkas, and U.S. Citizenship and Immigration Services ("USCIS") Directors Ur Mendoza Jaddou and Daniel M. Renaud—to compel a decision on their Form I-918 and I-918A visa petitions. Defendants seek to have this case transferred to the Eastern District of Louisiana under 28 U.S.C. § 1404. ECF No. 4. Alternatively, Defendants move to dismiss the case for improper venue. *Id.* For the reasons explained below, the court will grant Defendants' motion in part and transfer the case to the Eastern District of Louisiana.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court takes the allegations in the Patels' complaint as true for the purposes of deciding the pending motion. *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016). In 2000, Congress passed the Victims of Trafficking and Violence Prevention Act of 2000, Pub. L. No. 106-386 (2000). This program allows noncitizen victims of serious crimes to apply to the USCIS for temporary visas (known as "U visas") in exchange for their cooperation with law enforcement.

*See* U.S. Citizenship & Immigr. Servs., *I-918, Petition for U Nonimmigrant Status*.[1]  A primary petitioner may also submit U visa applications for her qualifying relatives.  *Id.*

Prafullaben Jintendrakumar, Jintendrakumar Nathabhai, and Mahi Jintendrakumar are wife, husband, and minor daughter, respectively.  ECF No. 1 ¶ 3.  They are all citizens of India, but they currently reside in New Orleans, Louisiana.  *Id.* ¶ 6.  Prafullaben and Jintendrakumar entered the United States without inspection in 2011, and their daughter entered without inspection in early 2022.  *Id.*

In November 2019, Prafullaben witnessed and was the victim of a serious crime.  *Id.* ¶ 7.  She cooperated with law enforcement and, on May 2, 2022, filed a Form I-918 Petition seeking a U visa.  ECF No. 1 ¶ 7.  She also filed two Form I-918A Petitions seeking derivative U visas for her husband and daughter.  *Id.* ¶ 8.  Each of the Patels additionally filed Form I-765 Applications for Employment Authorization.  *Id.* ¶¶ 30, 34.  Prafullaben submitted the petitions to the USCIS Vermont Service Center and received Form I-797C Notices of Action/Receipt in response.  *Id.* ¶¶ 27-34.  Roughly thirty months have elapsed since the Patels filed their petitions, but Defendants have yet to act on them.  *See id.* ¶¶ 35-36.

In July 2024, the Patels filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651, seeking to compel Defendants to process their U visa petitions and work authorizations.  They allege that Defendants' delay has "caused . . . considerable harm, most immediately in their ability to maintain a livelihood and support themselves, as they remain unable to obtain employment authorization."  *Id.* ¶ 37.

---

[1] *Available at* https://perma.cc/84CY-ZYUH.

Defendants move to transfer the case from this court to the U.S. District Court for the Eastern District of Louisiana under 28 U.S.C. § 1404, or—in the alternative—for dismissal under Federal Rule of Civil Procedure 12(b)(3) due to improper venue.[2]  ECF No. 4.  The Patels have not opposed the motion.  *See generally* Docket, *Patel v. Mayorkas*, No. 24-CV-1967 (D.D.C. 2024).

## II.    LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), the court may transfer a case from one proper venue to another appropriate venue if it serves "the convenience of parties and witnesses" and is "in the interest of justice."[3]  This is an "individualized, case-by-case consideration," comprised of two steps.  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  First, the transferor court must determine that the action "[could] have been brought" in the transferee district or that the parties consent to litigating there.  28 U.S.C. § 1404(a).  Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district."  *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F.

---

[2] While Defendants style their motion as a motion to transfer *and* dismiss the case, they acknowledge that, "were the Court to transfer this action under Section 1404, the Court need not consider [the] motion to dismiss."  ECF No. 4, at 9.

[3] In contrast, 28 U.S.C. § 1406(a) governs transfer or dismissal when the initial venue is improper.  *See Liu v. Mayorkas*, ___ F. Supp. 3d ___, No. 23-2495, 2024 WL 3010847, at *1-2 (D.D.C. June 14, 2024).  Here, venue is proper in this district under 28 U.S.C. § 1391(e)(1)(A) because Secretary Mayorkas resides in the District of Columbia.  *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (explaining that "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant").  Defendants contest whether the Patels have adequately alleged a connection between Secretary Mayorkas and the delays with their visa applications, ECF No. 4, at 10-11, but "[i]n determining whether venue is proper, courts must accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all reasonable inferences in favor of the plaintiff."  *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015).  If Defendants wish to dismiss Secretary Mayorkas for failure to state a claim under Rule 12(b)(6), they may renew that argument after the case is transferred.

Supp. 2d 57, 59 (D.D.C. 2013). In making this determination, the court "weigh[s] several private- and public-interest factors." *Id.* at 59-60. The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof." *Id.* at 60. The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)). "If the balance of private and public interests favor[s] a transfer of venue, then a court may order a transfer." *Id.* (quoting *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012)).

### III.    DISCUSSION

Because the Patels did not oppose Defendants' transfer motion, the court could consider the motion conceded. *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("A party who fails to file a timely response 'is deemed to have waived his opposition to the [motion].'" (alteration in original) (quoting *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C. Cir. 1989))); Local Rule 7(b) ("If . . . a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded."). Nevertheless, the court will consider the facts and determine whether transferring this case is in the interest of justice.

On the first step, the court concludes that the suit could have originally been brought in the Eastern District of Louisiana. Venue is proper in suits against officers or agencies of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in

4

the action." 28 U.S.C. § 1391(e)(1).  The suit could have been brought in the Eastern District of Louisiana under subsection (C) because both Plaintiffs reside in Louisiana and the case does not involve real property.  *See* ECF No. 1 ¶ 3.

On the second step, the court concludes that both the private- and public-interest factors weigh in favor of a transfer to the Eastern District of Louisiana.  *See Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59.  The court begins with the private-interest factors.  As to Plaintiffs' choice of forum, the Patels initially brought their case in this district, but they did not oppose Defendants' transfer motion.  *See generally* Docket, *Patel v. Mayorkas*, No. 24-CV-1967 (D.D.C. 2024).  This first factor thus favors a transfer.  As evidenced by their motion to transfer, ECF No. 4, Defendants prefer the Eastern District of Louisiana.  That is also the Patels' home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum."  *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).  The third private-interest factor— where the claim arose—is neutral.  "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'"  *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau v. Sessions*, No. 18-CV-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018)).  The Patels' visa applications are being processed at the USCIS Vermont Service Center, which is not located in either district.  ECF No. 1 ¶ 27.  The remaining factors favor a transfer.  As to the convenience of the parties, the Patels "cannot reasonably claim to be inconvenienced by litigating in [their] home forum," *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)), and Defendants prefer to litigate there.  Finally, the records, documents, and witnesses most relevant to the Patels' visa applications will be most readily available in their home district.

The public-interest factors also weigh in favor of a transfer or are neutral.  First, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor").  Next, there can be no dispute that each district faces congested dockets, making this factor neutral.  Finally, because the Patels will feel the "potential impacts" of the USCIS's decision most prominently in their home district of Louisiana, the local interest factor weighs in favor of transfer.  *See Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88-89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt).

After balancing the relevant factors as set forth above, the court concludes that a transfer to the Eastern District of Louisiana serves the convenience of the parties and witnesses and is in the interest of justice.  *See* 28 U.S.C. § 1404(a).  The court will therefore transfer this action to the Eastern District of Louisiana.

## IV.    CONCLUSION

For the foregoing reasons, the court will transfer the case to the Eastern District of Louisiana but otherwise deny Defendants' motion.  Additionally, the court will direct Defendants to respond to the complaint no later than twenty-one days after the case is docketed in the Eastern District of Louisiana.   An Order consistent with this Memorandum Opinion will issue contemporaneously.

LOREN L. ALIKHAN
United States District Judge

Date:   November 27, 2024